*First Judicial District.*

## In the Court of Common Pleas of Philadelphia.

(*In Equity.*)

### WISTER *v.* THE CITY.

The new constitution does not affect the taking of land under a special act passed before its adoption.

Opinion delivered February 7, 1874, by

PAXSON, J. The points involved in this case have been before us so often that they are becoming familiar. We do not see wherein it differs from Smedly *v.* Irvin, 1 P. F. S. 445, unless, as we alleged at the argument, it is affected by section 8, art. 16, of the new constitution, which provides, that "municipal and other corporations, and individuals, invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed, by the construction or enlargement of their works, highways, or improvements, which compensation *shall be paid or secured before such taking,*" &c.

It is unnecessary to discuss this clause of the constitution, for the reason that the act of 15th March, 1873, entitled "An act to open, grade, and pave Stiles street, from Broad street to Thirteenth street, in the Twentieth ward of the city of Philadelphia," was passed before the adoption of the present constitution, and the land of the complainant was taken by force and virtue of said act at the time of its passage.

The motion to continue the injunction is denied.

---

### HEYL *v.* THE CITY.

A motion to dissolve an injunction will not be entertained until an answer be filed.

Opinion delivered February 7, 1874, by

PAXSON, J. In this case the usual *ex parte* injunction was granted, and after a hearing, continued, more than a year ago. On Tuesday last the cause was set down for argument upon a motion to dissolve. No answer has been put in, nor has any step been taken by the defendant since September 28th, 1872, when the order continuing the special injunction was made. I declined to hear the motion to dissolve, and continued the cause until the next equity motion day, for the reason that such application could not properly be made until after answer filed. Subsequent reflection has satisfied me that in this I was right. It is true, some of the text books say, that a motion to dissolve may be made before answer; but this manifestly applies to *ex parte* injunctions, and not to cases where there has been a hearing. Otherwise we might be constantly employed in reviewing our own decisions. It is purely a question of practice, and the correct rule in such cases will be found in Adams' Equity, 196, 359.

If the defendant put in an answer on or before the next equity motion day, they will be in a position to move to dissolve the special injunction.